FILED IN OPEN COURT
2/17/2022
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                               CASE NO. 3:20-cr-118-TJC-MCR

KURT BATUCAN SHELDON

**NOTICE OF MAXIMUM PENALTIES, ELEMENTS OF OFFENSE,
PERSONALIZATION OF ELEMENTS AND FACTUAL BASIS**

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney, stating as follows:

### A. MAXIMUM PENALTIES

Count One is punishable by a mandatory minimum term of imprisonment of 15 years up to 30 years, a fine of $250,000, a term of supervised release of at least 5 years up to life, and a special assessment of $100. With respect to Count One and pursuant to Title 18, United States Code, Section 3583(k), if the defendant is required to register under the Sex Offender Registration and Notification Act and commits any criminal felony offense under Title 18, United States Code, Chapters 109A, 110 or 117, or Sections 1201 or 1591, while on supervised release, the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment of not less than 5 years and up to life, and an additional term of supervised release can be imposed. Any other violation of the terms and conditions of supervised release is punishable by a term of imprisonment of up to 3 years, and an additional term of supervised release can be imposed.

In addition, pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act (exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

Additionally, pursuant to 18 U.S.C. § 2259A, the Court shall impose a special assessment of up to $50,000 on any defendant convicted of an offense in violation of 18 U.S.C. §§ 2251(a) through (c).

The Court shall order the defendant to make restitution to any victim of the offense.

Counts Two and Three each carry a mandatory minimum term of imprisonment of 5 years and not more than 20 years, a fine of up to $250,000, or both imprisonment and a fine, a term of supervised release of any term of years not less than 5 and up to life, and a special assessment of $100, said special assessment to be due on the date of sentencing. With respect to Counts Two and Three and pursuant to Title 18, United States Code, Section 3583(k), if the defendant is required to register under the Sex Offender Registration and Notification Act and commits any criminal felony offense under Title 18, United States Code, Chapter 109A, 110 or 117, or Sections 1201 or 1591, the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment of not less than 5 years and up to life. Any

other violation of the terms and conditions of supervised release is punishable by a term of imprisonment of up to 2 years.

In addition, pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act (exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

Additionally, pursuant to 18 U.S.C. § 2259A, the Court shall impose a special assessment of up to $35,000 on any defendant convicted of an offense for trafficking in child pornography.

The Court shall order the defendant to make restitution to any victim of the offenses. Pursuant to 18 U.S.C. § 2259, if the Court orders restitution, the mandatory minimum amount must not be less than $3,000 per victim.

The cumulative maximum penalty for all counts is a mandatory minimum term of imprisonment of 25 years and not more than 70 years, a fine of up to $750,000, or both imprisonment and a fine, a term of supervised release of any term of years not less than 5 and up to life, and a special assessment of $300, said special assessment to be due on the date of sentencing. In addition, pursuant to 18 U.S.C. § 3014, the Court shall impose a $15,000 special assessment on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes

involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act (exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter). Pursuant to Title 18, United States Code, Section 3583(k), if the defendant is required to register under the Sex Offender Registration and Notification Act and commits any criminal felony offense under Title 18, United States Code, Chapter 109A, 110 or 117, or Sections 1201 or 1591, the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment of not less than 15 years and up to life. Any other violation of the terms and conditions of supervised release is punishable by a term of imprisonment of up to 7 years.

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations

4

subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

Further, the defendant must forfeit property, pursuant to 18 U.S.C. § 2253, as outlined in the Indictment.

### B.   ELEMENTS OF THE OFFENSES

The defendant acknowledges understanding the nature and elements of the offenses with which defendant has been charged and to which defendant is pleading guilty.

The elements of Count One, a violation of 18 U.S.C. § 2251, are:

First: an actual minor, that is, a real person who was less than 18 years old, was depicted;

Second: the Defendant employed, used, persuaded, induced, enticed, and coerced the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct; and

Third: the Defendant knew and had reason to know the visual depiction was transported and transmitted using any means and facility of interstate and foreign commerce.

The elements of Counts Two and Three, violations of 18 U.S.C. § 2252(a)(2), are:

First: The Defendant knowingly distributed a visual depiction in interstate or foreign commerce by any means;

Second: producing the visual depiction involved using a minor engaged in sexually explicit conduct;

Third: the depiction shows a minor engaged in sexually explicit conduct; and

5

<dl>
<dt>Fourth:</dt>
<dd>the Defendant knew that at least one performer in the visual depiction was a minor and knew that the depiction showed the minor engaged in sexually explicit conduct.</dd>
</dl>

### C. PERSONALIZATION OF ELEMENTS

#### Count One

1. On or about May 3, 2020, in the Middle District of Florida, and elsewhere, did you employ, use, persuade, induce, entice and coerce a child victim to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct?

2. Was the child victim an actual minor, that is, a real person who was less than 18 years old, depicted in the image?

3. Did you know or have reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce?

#### Count Two

1. On or about May 26, 2016, in the Middle District of Florida, and elsewhere, did you knowingly distribute a visual depiction via the internet?

2. Do you admit that the production of such visual depiction involved a minor engaging in sexually explicit conduct?

3. Do you admit that this visual depiction was of a minor engaging in sexually explicit conduct?

4. Do you admit that you knew that at least one of the performers in this visual depiction was a minor and that you knew that the visual depiction showed the minor engaged in sexually explicit conduct?

Count Three

1. On or about May 24, 2016, in the Middle District of Florida, and elsewhere, did you knowingly distribute a visual depiction via the internet?

2. Do you admit that the production of such visual depiction involved a minor engaging in sexually explicit conduct?

3. Do you admit that this visual depiction was of a minor engaging in sexually explicit conduct?

4. Do you admit that you knew that at least one of the performers in this visual depiction was a minor and that you knew that the visual depiction showed the minor engaged in sexually explicit conduct?

D. FACTUAL BASIS

1. Purpose

The following facts are set forth to aid the Court in making an inquiry to satisfy it that there is a factual basis for the plea of guilty in accordance with Rule 11(f), Fed. R. Crim. P. The government reserves its right to provide all relevant information concerning the defendant and the offense committed to the Probation Office and the Court for sentencing purposes.

2. <u>Facts</u>

On May 27, 2020, Clay County Sheriff's Office (CCSO) Deputy Ehrenfeld, in response to a call for service, contacted the mother and father of a 12-year-old minor, herein referred to as Minor Victim 1 (MV1). The parents of MV1 informed Deputy Ehrenfeld they discovered that MV1 had been sending and receiving sexually explicit messages from an individual they believed to be an adult male. The parents of MV1 said the messages included pictures and videos sent by MV1. MV1 and her parents provided the following information to Deputy Ehrenfeld:

> MV1 said she began communicating with an unknown person using the screen name "K.T." (later confirmed as "K t") approximately three weeks earlier. MV1 said she posted something about wanting friends on a certain social media application and "K t" responded. MV1 said they started a conversation and MV1 told "K t" she was almost sixteen (16). MV1 said "K t" indicated he was a male who was 25-29 years of age. MV1 said the conversations were friendly and then progressed to the point in which MV1 sent him a picture of herself, and "K t" sent one of himself. MV1 and "K t" continued messaging and the communication became sexual in nature. "K t" convinced her to send more risqué pictures of herself to him. MV1 and "K t" then began messaging via Snapchat. MV1 sent some pictures to "K t" in bikinis and underwear and he continued to compliment and encourage her. He requested that she send him sexually explicit pictures and videos of her naked and masturbating. MV1 said she sent approximately fifty (50) images and/or videos of her naked and/or

touching herself from her iPhone 8+ phone.

On May 28, 2020, CCSO Detective Ellis spoke with MV1's mother who said that the person communicating with a screen name of "K t" via Snapchat had a username of "tacticfallout." Snapchat has a function that allows users to display a screen name different from their username to display a name of their choice. MV1's mother was able to figure out "K t's" username based on the Snapchat profile within MV1's phone for "K t." MV1's mother said that "K t" told MV1 he lived in "Putnam." MV1's mother provided Det. Ellis with several screen shots of Snapchat communications between MV1 and "K t." In the Snapchat screenshots, "K t" engaged in a series of sexually explicit conversations with MV1 and also made comments that appeared to acknowledge the receipt of child exploitation material. "K t" asked for more images from MV1.

MV1's phone was forensically imaged and reviewed. In the Snapchat application, "K t" was listed as a contact. There were numerous images in which MV1 was in sexually suggestive poses and images in which MV1's bare vagina and breasts were depicted, including images that also depicted MV1's face. There were a total of fifty-seven (57) files, which include both still images and "live" images, at least fifty-two (52) of which were sexually explicit.

On June 1, 2020, Det. Ellis interviewed MV1. The interview was audio and video recorded. During the interview, MV1 advised, in substance and among other things, the following:

"K t" told her his name was "Kurt" and that he lives in Putnam County. She

9

was the only person to use her phone to communicate with "Kurt." MV1 was shown screen shots of Snapchat communication between her and "K t" and confirmed they were between her and "Kurt." "Kurt" requested sexually explicit images and videos of her and even directed her on how to take the images and how to pose. Several of the images she sent to "Kurt" depicted her inserting objects into her vagina and manipulating her vagina with her hand, which she did at "Kurt's" direction. Det. Ellis showed MV1 sexually explicit images discovered on her iPhone 8+, and she confirmed the images/videos were of her and were sent to "Kurt."

On June 4, 2020, a subpoena was issued to Snapchat requesting information related to username "tacticfallout." The information provided by Snapchat listed a Snapchat id of "tacticfallout," an email address of tacticfallout@gmail.com, and a creation date of September 23, 2016.

On July 28, 2020, a subpoena was issued to Snapchat requesting, among other things, IP history for username "tacticfallout." The information provided by Snapchat revealed IP address 76.106.129.121 was recorded on two occasions in January 2019 when the user logged into the account. The service provider for IP address 76.106.129.121 was Comcast with a location of Interlachen, Florida.

On August 4, 2020, a subpoena was issued to Google requesting information related to email address tacticfallout@gmail.com. The information provided by Google revealed the account was created on December 22, 2014, and the last three login dates were July 28, 2020, March 3, 2020, and November 27, 2019. Google also

10

provided IP activity revealing IP address 76.106.129.121 was recorded on March 3, 2020 and November 27, 2019 when the user logged into the account.

On August 7, 2020, a subpoena was issued to Comcast for the subscriber of IP address 76.106.129.121. The information provided by Comcast revealed a subscriber name of D.S. at an address in Interlachen, Florida. Law enforcement conducted a search of D.S. and the address identified in the Comcast subpoena results and discovered the defendant, Kurt Batucan Sheldon, listed the same address beginning in November 2008. He also had a date of birth that indicated he was twenty-nine years old, consistent with the age of the profile for "Kurt."

During this investigation, law enforcement learned of a prior investigation conducted by St. Johns County Sheriff's Office (SJSO) Detective Greene involving the defendant's address. The following was learned:

>In May 2016, SJSO Det. Greene began an investigation into IP address 73.192.111.22, port 40537. A computer using the IP address was observed on the BitTorrent network with multiple images of suspected child sexual abuse material (CSAM) available for sharing on multiple occasions. A review of the records by Det. Greene associated with the IP address identified 88 files available for sharing between May 24, 2016 at 9:16 PM and May 25, 2016 at 9:18 PM. During this timeframe, Det. Greene downloaded 6 complete files. There were also several partially downloaded files which were not complete but somewhat viewable. The image files that were downloaded appeared to be clips from a larger video file, possibly the incomplete video associated with this

torrent.

Between May 26, 2016 at 5:09 PM and May 27, 2016, Det. Greene observed another torrent associated with the same IP address, which noted that 353 files were available for sharing. During this timeframe, Det. Greene downloaded 3 complete files.

Det. Greene subsequently caused a state subpoena to be issued to Comcast on July 11, 2016, requesting account holder/subscriber information for the dates and times mentioned above for IP address 73.192.111.22, port 40537. On July 12, 2016, Comcast provided the requested information advising IP address 73.192.11.22:40537 was assigned to D.S. at the defendant's address in Interlachen, Florida.

A description of one of the files downloaded on May 26, 2016 (Count Two) is as follows:

> The image depicts a pre-pubescent female child lying on what appears to be a bed covered with an orange sheet. The child is wearing a small bathing suit top that covers her breasts only and is naked from that point down. The child is posed in an unnatural and sexually suggestive manor in which her legs are spread, thereby exposing her bare vagina. The same pre-pubescent child is depicted in the other two images downloaded on the same date and depicts her in the same clothing and setting, and in two separate, unnatural, and sexually suggestive poses in which her bare vagina is exposed. The child appears to be prepubescent due to the overall body size, lack of breast development, lack of pubic hair, child-like facial features, and overall size of the child's body.

A description of one of the files downloaded on May 24, 2016 (Count Three) is as follows:

> The image depicts three pre-pubescent female children lying next to each other on what appears to be a bed covered with a white sheet with a pink and blue pattern. The child is topless but wearing underwear. The child in the middle is completely naked. The child on the right is completely naked. The child in the middle has her legs in the air and spread open. The child on the right is holding a sex toy in her left hand and using it to make contact with the middle child's genital region. All three appear to be prepubescent children due to the overall body size, lack of breast development, lack of pubic hair, child-like facial features, and overall size of their bodies.

On September 2, 2020, federal law enforcement obtained a federal search warrant for defendant's residence. On September 4, 2020, the search warrant was executed at the defendant's residence. During the search of the defendant's bedroom, a 256GB SanDisk Cruzer Glide thumb drive was discovered inserted in a homemade computer. The computer was on a stand adjacent to the defendant's bed. A preliminary examination of the SanDisk Cruzer Glide thumb drive conducted during the execution of the search warrant revealed multiple video and still image files of child pornography resident on the SanDisk Cruzer Glide thumb drive.

Law enforcement made contact with the defendant. After being advised of and waiving his *Miranda* rights, the defendant agreed to speak with law enforcement. The interview was recorded. Among other things, the defendant provided the following information:

> The defendant admitted that the 256GB SanDisk Cruzer Glide thumb drive and homemade computer in his bedroom belonged to him. He said there would be a lot of child sexual abuse material (CSAM) on his computer and phones. He had been viewing CSAM for several years and used the DarkWeb to search for

13

CSAM. He admitted the email address tacticfallout@gmail.com belonged to him. The defendant said he received CSAM from "teens" via Snapchat. The defendant said he would ask girls he met on online applications who he knew to be underage to send him nude photographs "a couple of times." The defendant admitted requesting from a fifteen-year-old female, images of her vagina, of her sexually posing, and of her inserting an object into her vagina. He was provided with Snapchat communications involving this female child to review and said he remembered them. The defendant also admitted he was sexually attracted to children and masturbated while viewing CSAM. In addition, the defendant said he knew what peer-to-peer was and referred to it as "file sharing." He said he used peer-to-peer software to download CSAM. He acknowledged that the 2016 incident of CSAM file-sharing was him.

The following is a description of the image charged in Count One, which has a create date of May 3, 2020, found on the SanDisk Cruzer Glide Thumb Drive, made in China:

> The image depicts a female child bent over and kneeling on the floor. The child appears to be completely naked, thereby exposing her bare vagina. The child is posed in a sexually suggestive and unnatural manner. The focal point of the image is of the child's bare buttocks, anus, and vagina. This is a child depicted because it is known to law enforcement that the child was 12 years

old at the time the image was taken. In addition, the same photo was found on MV1's phone.

                Respectfully submitted,

                ROGER B. HANDBERG
                United States Attorney

By:  /s/ Ashley Washington
       ASHLEY WASHINGTON
       Assistant United States Attorney
       USA No. 177
       300 N. Hogan Street, Suite 700
       Jacksonville, Florida 32202
       Telephone: (904) 301-6300
       Facsimile: (904) 301-6310
       E-mail: Ashley.Washington2@usdoj.gov

U.S. v. Kurt Batucan Sheldon         Case No. 3:20-cr-118-TJC-MCR

**CERTIFICATE OF SERVICE**

I hereby certify that on February 17, 2022, the foregoing was filed in open court and a copy was hand-delivered to the following:

Noel Lawrence, Esq.

/s/ ASHLEY WASHINGTON
Assistant United States Attorney